■ In the Matter of the Estate of SYBIL H. RICKS, Deceased. JOHN T. RICKS et al., as Executors of SYBIL H. RICKS, Deceased, Respondents; THOMAS S. RICKS et al., Appellants.— In a proceeding to construe a will, the adopted children of the testatrix' predeceased son appeal from so much of a decree of the Surrogate's Court, Nassau County, entered May 17, 1965 upon the court's decision, as decreed that they were not to share in the residuary bequest to the "children" of said predeceased son. Decree, insofar as appealed from, affirmed, with costs to all parties filing separate briefs, payable out of the estate. No opinion. Beldock, P. J., Brennan, Rabin and Hopkins, JJ., concur; Ughetta, J., dissents and votes to reverse the decree, insofar as appealed from, with the following memorandum: As I read *Matter of Park* (15 N Y 2d 413) it is a direct holding that use of the word "children" creates no ambiguity even though there are adopted and natural children. "A testator or settlor must know that in the light of New York policy a foster child has exactly the same 'legal relation' to the parent as a natural child. In the absence of an explicit purpose stated in the will  *  *  *  to exclude such a child, he must be deemed included" (*Matter of Park, supra,* p. 417). If the word "children" must mean adopted as well as natural children in the absence of an explicit contrary purpose stated in the will, its meaning is plain and needs no explanation. It seems to follow, therefore, that the oral statement of actual intent has prevailed over the plain meaning of the word used in the will, although testimony to accomplish that result is not admissible. [45 Misc 2d 919.]